UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
JIMMY DIAZ,

                Petitioner,         03 Civ. 1441 (GBD) (MHD)

    -against-                          ORDER

THE PEOPLE OF THE STATE OF NEW YORK
                Respondent.
------------------------------------------------------------x
GEORGE B. DANIELS, DISTRICT JUDGE:

    *Pro se* petitioner filed a writ of habeas corpus challenging his conviction, upon a jury verdict in Supreme Court, New York County, rendered on August 28, 2000, for grand larceny in the fourth degree. Magistrate Judge Michael H. Dolinger issued a Report and Recommendation ("Report") wherein he found that petitioner's claims are without merit. He recommended that the petition be denied in its entirety and that the action be dismissed with prejudice. In his report, Magistrate Judge Dolinger advised the parties that failure to file timely objections to the Report would constitute a waiver of those objections. Neither petitioner nor respondent filed objections to the Report and the time to do so has expired. 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(b).

    Where there are no objections, the Court is to accept the Report provided there is no clear error on the face of the record. Nelson v. Smith, 618 F.Supp 1186, 1189 (S.D.N.Y. 1985); see also, Heisler v. Kralik, 981 F.Supp. 830, 840 (S.D.N.Y. 1997), aff'd 164 F.3d 618 (2d Cir. 1998). After reviewing the Report, the Court finds that the record is not facially erroneous. Petitioner's claim that the trial court denied him his right to proceed *pro se* at trial is without merit. Petitioner's simultaneous request to represent himself as well as to have a lawyer appear on his behalf was not an unequivocal request to proceed *pro se* and therefore the trial judge did not err in denying his application for hybrid representation. Petitioner's further claim that his

appellate counsel provided ineffective assistance, because he failed to raise the issue that petitioner had not been given notice of his right to testify before the grand jury is also without merit. Petitioner's Sixth Amendment claim must fail since appellate counsel's refusal to argue the grand-jury-notice claim did not render her performance ineffective since a district attorney is not obliged to inform misdemeanor defendants of grand jury proceedings. See N.Y. Crim. Proc. L. § 190.50 (5) (a). Accordingly, the Court adopts the Report in its entirety and for the reasons stated therein, the writ is hereby denied and the petition is dismissed.

As petitioner has not made a substantial showing of the denial of a federal right, a certificate of appealability will not issue. 28 U.S.C. § 2253; Tankleff v. Senkowski, 135 F.3d 235, 241 (2d Cir. 1998); United States v. Perez, 129 F.3d 255, 259-260 (2d Cir. 1997); Lozada v. United States, 107 F.3d 1011 (2d Cir. 1997). Additionally, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith. Coppedge v. United States, 269 U.S. 438 (1962).

Dated: New York, New York
October 31, 2005

SO ORDERED:

*[signature]*
GEORGE B. DANIELS
United States District Judge